## Royak v. O'Leska

*Frederick A. Boehm*, for plaintiffs.
*Kenneth S. Robb*, for defendant.

WETTICK, *J.*, December 11, 1978—This is a damage action brought by a passenger in an automobile and her husband against the operator of the automobile.

### I.

Plaintiffs were covered by no-fault insurance at the time of the accident.[1] Defendant, through writ-

---

1. Under section 204 of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, Art. II, sec.

ten interrogatories, has requested plaintiffs to set forth the name and address of the no-fault carrier against whom any claims for payment of medical and hospital bills, loss of earnings, etc. have been made and has filed a motion for sanctions to compel plaintiffs to furnish this information.

The scope of written interrogatories used in pre-trial discovery is initially limited by Pa.R.C.P. 4005 and 4007 to "any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." Pa.R.C.P. 4007(a). [Editor's note: See now, Pa.R.C.P. 4003.1.]

Also the scope is further limited by Pa.R.C.P. 4011 which, inter alia, bars discovery that is sought in bad faith, causes unreasonable annoyance, embarrassment, expense or oppression or relates to a matter which is privileged. Thus, for defendant to prevail, we must find that disclosure of the name and address of plaintiffs' no-fault carrier (1) will substantially aid in the preparation or trial of the case, (2) will be relevant to the subject matter involved in the action and (3) is not privileged or otherwise barred by Pa.R.C.P. 4011.

The name and address of the no-fault carrier will substantially aid in the preparation of the case. The no-fault carrier may have conducted an investigation regarding the physical condition of plaintiff-wife and/or the losses which she sustained. The results of its investigation may provide information that will assist defendant in preparing her case.

---

204, 40 P.S. §1009.204, plaintiffs' insurance carrier was responsible for the payment of basic loss benefits applicable to plaintiff-wife's injuries.

And by learning the name and address of this no-fault carrier, defendant will be in a position to discover the extent and results of any investigation which the no-fault carrier has conducted.

Furthermore, because disclosure of the name and address of the no-fault carrier will aid defendant in the preparation of her case, it is "relevant to the subject matter involved in the action" within the meaning of Pa.R.C.P. 4007(a). See Szarmack v. Welch, 456 Pa. 293, 318 A. 2d 707 (1974), which appears to have construed the requirement that the matter be "relevant to the subject matter involved in the action" to encompass any information that has practical relevancy in the preparation and evaluation of the case.

Plaintiffs assert that disclosure of the name and address of the no-fault carrier constitutes an attempt on the part of defendant to obtain access to confidential information and other privileged matter which may be on file with plaintiffs' insurance carrier. While we agree that defendant's reason for seeking the name and address of the no-fault carrier is to discover the contents of the no-fault carrier's file, it is not apparent to this court that information which would likely be within the file is protected by any privilege and for that reason we reject plaintiffs' contention that such discovery constitutes an effort to reach privileged matter.

It appears that plaintiffs' major objection to this discovery is that they believe it to be unfair to permit information within the no-fault carrier's file, which may have been acquired with plaintiffs' cooperation and assistance, to be used for an unrelated matter. Furthermore, plaintiffs apparently fear that if defendant learns the name of the no-fault insurance carrier, there will be cooperation

between defendant's insurance carrier and the no-fault carrier which will enable defendant to receive information which the no-fault carrier will not voluntarily turn over to plaintiffs. Thus plaintiffs contend that the No-fault Motor Vehicle Insurance Act should be construed to prevent disclosure of the contents of the no-fault carrier's file in litigation that does not involve a claim against this carrier.

There is, however, nothing in the no-fault act to bar a no-fault insurance carrier—at least through discovery conducted pursuant to Pa.R.C.P. 4007—from revealing the contents of its file. And plaintiffs may protect themselves against the no-fault carrier who cooperates with defendant's carrier while refusing voluntarily to turn over information to plaintiffs by deposing appropriate employes of the no-fault carrier to obtain any information which has been provided to defendant's carrier.[2] Thus, consistent with the dictates of our appellate courts that our rules of discovery shall be liberally construed (see Nissley v. Pennsylvania Railroad Company, 435 Pa. 503, 259 A. 2d 451 (1969)), we rule that plaintiffs must furnish defendant with the name and address of the no-fault insurance carrier against whom any claims have been made.[3]

---

2. If we were to exempt the contents of the no-fault carrier's file from discovery, a plaintiff may have no opportunity to obtain information from the no-fault carrier that this carrier voluntarily turns over only to defendant's carrier.

3. In reaching this conclusion, we have reviewed the Sharon Steel Corporation v. De Laval Turbine, Inc., 14 Mercer 338 (1976), ruling on which plaintiffs rely. In that case, plaintiff brought an action to recover damages for profits lost and expenses incurred during a partial shutdown allegedly caused by defendant's negligent and improper repair work. Defendant submitted interrogatories to learn whether any portion of the

## II.

Plaintiffs also refuse to provide defendant with information regarding what benefits have been paid to plaintiffs by any no-fault carrier, whether the carrier refused to honor any claim and if so, what part of the claim was denied and what reasons were given to plaintiffs for the denial by the carrier. We rule that this information must be provided because it will substantially assist defendant in determining whether the no-fault carrier may have information that will substantially aid in the preparation of the case and should therefore be sought through discovery proceedings.

## ORDER

On December 11, 1978, it is hereby ordered that plaintiffs shall, within 20 days from the receipt of this order of court, file full and complete answers to defendant's supplemental interrogatories 2, 3, 4 and 5.

---

damages claimed by plaintiff was covered by insurance and if so, the amount of any subrogation interests which resulted from the payments made by the insurance companies. The issue which the court addressed was whether information regarding subrogation interests was relevant and of substantial aid in the preparation of the case and the court ruled that because subrogation interests are kept from the jury, this information will not aid in the preparation of the case. Because we have ruled that the information which defendant seeks regarding plaintiff's no-fault claims will substantially aid in the preparation of the case for the reasons other than to determine subrogation interests, the rationale of the court in Sharon Steel Corporation v. De Laval Turbine, Inc. for denying discovery is inapplicable.